Kirsten A. Worley, Bar No. 222513
Email: kw@wlawcorp.com
Worley Law, P.C.
26632 Towne Centre Dr., Ste. 300
Foothill Ranch, CA 92610
Telephone:  949-420-3706
Facsimile:   949-420-3707

Attorneys for Plaintiff
BEAL BANK U.S.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA,

## SOUTHERN DIVISION

| | |
|---|---|
| BEAL BANK U.S.A., a Nevada corporation,<br><br>            Plaintiff,<br><br>v.<br><br>ACCU CHEM CONVERSION, INC., a California corporation; ACCU CHEM LEASING DIVISION, LLC, a California limited liability company; CRAIG G. ROBITAILLE, an individual; MICHELE A. ROBITAILLE, an individual; MICHAEL J. OLIVA, an individual; MARGARET A. OLIVA, an individual,<br><br>            Defendants. | Case No. 8:15-cv-00901-AG-JCG<br><br>**AMENDED COMPLAINT FOR BREACH OF, AND ENFORCEMENT OF PROMISSORY NOTE AND GUARANTY**<br><br>[Amended Only To Properly Allege Diversity Pursuant to 28 U.S.C. § 1332] |

COMES NOW, Plaintiff BEAL BANK U.S.A. ("Plaintiff") hereby alleges and complains against the Defendants as follows:

## JURISDICTION AND VENUE

1.    This Court has diversity jurisdiction over this civil action.  These proceedings are instituted pursuant to the provisions of 28 U.S.C. § 1332 in that this action is a civil action between citizens of different states in which the matter in

controversy exceeds, exclusive of fees, costs and interest, seventy-five thousand dollars ($75,000.00).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that the Defendants reside and are domiciled in this judicial district, and their principal places of business are located in this judicial district.

## PARTIES

3.  Plaintiff is, and at all relevant times herein was, a corporation duly organized and existing under the law of the State of Nevada, with its principal place of business in Plano, Texas.

4.  Upon information and belief, Defendant ACCU CHEM CONVERSTION, INC. ("Borrower") is, and at all times herein mentioned was, a corporation organized in California with its principal place of business in Orange County, California.

5.  Upon information and belief, Defendant ACCU CHEM LEASING DIVISION, LLC is a suspended limited liability company, but prior to suspension and at all times herein mentioned was, a limited liability company organized in California with its principal place of business in Orange County, California.  The members of ACCU CHEM LEASING DIVISION, LLC are and/or were Defendants CRAIG G. ROBITAILLE and MICHAEL J. OLIVA, both of which reside in and/or are domiciled in Orange County, California.  Therefore 100% of the members of ACCU CHEM LEASING DIVISION, LLC are residents of Orange County, California.

6.  Upon information and belief, Defendant CRAIG G. ROBITAILLE is, and at all times herein mentioned was, a natural person who resides in and is domiciled in Orange County, California.

7.  Upon information and belief, Defendant MICHELE A. ROBITAILLE is, and at all times herein mentioned was, a natural person who resides in and is domiciled in Orange County, California.

AMENDED COMPLAINT

1    8.    Upon information and belief, Defendant MICHAEL J. OLIVA is, and
2  at all times herein mentioned was, a natural person who resides in and is domiciled
3  in Orange County, California.

4    9.    Upon information and belief, Defendant MARGARET A. OLIVA is,
5  and at all times herein mentioned was, a natural person who resides in and is
6  domiciled in Orange County, California.

7                          **GENERAL ALLEGATIONS**

8    10.    On or about March 24, 2008, Silver State Bank, as lender, made a loan
9  to the Borrower in the original principal amount of $230,000 (the "Loan").  The
10  Loan was evidenced by the Note entered into by the Borrower, a copy of which is
11  attached hereto as **Exhibit A**.

12    11.    Defendants ACCU CHEM LEASING DIVISION, LLC, CRAIG G.
13  ROBITAILLE, MICHELE A. ROBITAILLE, MICHAEL J. OLIVA, and
14  MARGARET A. OLIVA (collectively "Guarantors") entered into written
15  Unconditional Guarantee agreements, collectively attached hereto as **Exhibit B** (the
16  "Guarantees"), whereby they each agreed to unconditionally guaranty payment to
17  the lender of all sums due under the Note.

18    12.    The Note, Deed of Trust, Guaranty, and all documents, instruments
19  and agreements relating to the Loan, as amended and/or supplemented, are
20  collectively referred to herein as the "Loan Documents."

21    13.    The Federal Deposit Insurance Corporation, as receiver for Silver State
22  Bank assigned all right, title and beneficial interest in and to the Note, the
23  Guarantees, and Loan Documents, to Plaintiff.

24    14.    The Borrower has failed to make timely payments under the Note.

25    15.    Pursuant to the express terms of the Guarantees, the Guarantors
26  unconditionally guaranteed the Borrower's indebtedness due and owing under the
27  Note, including, without limitation, all principal, interest, fees, costs and expense.
28  ///

AMENDED COMPLAINT

1    16.    To date, the Defendants have failed to pay all indebtedness due and
2    owing under the Note and Guarantees.

3    17.    All terms and conditions, if any, precedent to enforcement of the Note
4    and Guarantees have been met or otherwise waived by the terms of the Loan
5    Documents and operation of law.

6    18.    After application of all applicable credits, there is owing and due under
7    the Note and Guarantees the total amount of $222,517.25 from May 18, 2015, as
8    well as additional interest from that date.    Additionally, Plaintiff has incurred
9    attorneys' fees and costs, for which the Defendants are liable under the terms of the
10   Note and Guarantee.  These amounts are calculated as follows:

11       Principal               $147,113.05
12       Interest                $66,244.69 (interest thru 5/18/15)
13       Daily Interest Accrual    $22.1677199
14       Late Charges         $8,795.36
15       Legal Fees           $268.15
16       Collection Costs      $95.00

17   **FIRST CAUSE OF ACTION**
18   **FOR BREACH OF AND ENFORCEMENT OF NOTE**
19   **AGAINST THE BORROWER**

20   19.    Plaintiff incorporates by reference paragraphs 1 through 18 herein
21   above as though they were set forth herein in full.

22   20.    The Borrower executed the Note in favor of Silver State Bank.

23   21.    Plaintiff is the assignee of the Note.

24   22.    The Note is in default based upon the Borrower's failure to pay all
25   sums due under the Note.

26   23.    Plaintiff has made demand for payment in full under the Note.

27   24.    The Borrower has failed to make all payments due under the Note
28   despite demand and has therefore breached the Note.

AMENDED COMPLAINT

25.    All terms and conditions, if any, precedent to enforcement of the Note and Guarantees have been met or otherwise waived by the terms of the Loan Documents and operation of law.

26.    After application of all applicable credits, there is owing and due under the Note and Guarantees the total amount of $222,517.25 from May 18, 2015, as well as additional interest from that date.    Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantee.  These amounts are calculated as follows:

| | |
|---|---|
| Principal | $147,113.05 |
| Interest | $66,244.69 (interest thru 5/18/15) |
| Daily Interest Accrual | $22.1677199 |
| Late Charges | $8,795.36 |
| Legal Fees | $268.15 |
| Collection Costs | $95.00 |

27.    Pursuant to the terms of the Note, all fees and costs incurred by the Plaintiff with respect to the Note, including to enforce the Note in this lawsuit, are expressly added to the amounts which the Borrower owes under the Note. Therefore, the Borrower is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

**SECOND CAUSE OF ACTION**

**FOR BREACH OF AND ENFORCEMENT OF GUARANTEE**

**AGAINST GUARANTOR ACCU CHEM LEASING DIVISION, LLC**

28.    Plaintiff incorporates by reference paragraphs 1 through 27 herein above as though they were set forth herein in full.

29.    The Guarantor Accu Chem Leasing Division, LLC executed a written Guarantee attached hereto as **Exhibit B** in favor of Silver State Bank, by which the Guarantor unconditionally guaranteed the payment to the lender of all sums due under the Note.

AMENDED COMPLAINT

30.    Plaintiff is the assignee of the Guarantee.

31.    The Guarantee in default based upon the Guarantor's failure to pay all sums due under the Note and Guarantee.

32.    Plaintiff has made demand for payment in full under the Guarantee.

33.    The Guarantor has failed to make all payments due under the Note and Guarantee.

34.    All terms and conditions, if any, precedent to enforcement of the Note and Guarantees have been met or otherwise waived by the terms of the Loan Documents and operation of law.

35.    After application of all applicable credits, there is owing and due under the Note and Guarantees the total amount of $222,517.25 from May 18, 2015, as well as additional interest from that date.    Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantee.  These amounts are calculated as follows:

| | |
|---|---|
| Principal | $147,113.05 |
| Interest | $66,244.69 (interest thru 5/18/15) |
| Daily Interest Accrual | $22.1677199 |
| Late Charges | $8,795.36 |
| Legal Fees | $268.15 |
| Collection Costs | $95.00 |

36.    Pursuant to the terms of the Guarantees, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantees, including to enforce the Note and Guarantees in this lawsuit, are expressly added to the amounts which the Guarantor owes under the Guarantees.  Therefore, the Guarantor is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

///

///

///

## THIRD CAUSE OF ACTION

## FOR BREACH OF AND ENFORCEMENT OF GUARANTEE

## AGAINST GUARANTOR CRAIG G. ROBITAILLE

37.    Plaintiff incorporates by reference paragraphs 1 through 36 herein above as though they were set forth herein in full.

38.    The Guarantor Craig G. Robitaille executed a written Guarantee attached hereto as **Exhibit B** in favor of Silver State Bank, by which the Guarantor unconditionally guaranteed the payment to the lender of all sums due under the Note.

39.    Plaintiff is the assignee of the Guarantee.

40.    The Guarantee in default based upon the Guarantor's failure to pay all sums due under the Note and Guarantee.

41.    Plaintiff has made demand for payment in full under the Guarantee.

42.    The Guarantor has failed to make all payments due under the Note and Guarantee despite demand.

43.    All terms and conditions, if any, precedent to enforcement of the Note and Guarantees have been met or otherwise waived by the terms of the Loan Documents and operation of law.

44.    After application of all applicable credits, there is owing and due under the Note and Guarantees the total amount of $222,517.25 from May 18, 2015, as well as additional interest from that date.  Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantee.  These amounts are calculated as follows:

| | |
|---|---|
| Principal | $147,113.05 |
| Interest | $66,244.69 (interest thru 5/18/15) |
| Daily Interest Accrual | $22.1677199 |
| Late Charges | $8,795.36 |

AMENDED COMPLAINT

| | |
|---|---|
| Legal Fees | $268.15 |
| Collection Costs | $95.00 |

45.    Pursuant to the terms of the Guarantees, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantees, including to enforce the Note and Guarantees in this lawsuit, are expressly added to the amounts which the Guarantor owes under the Guarantees.    Therefore, the Guarantor is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

## FOURTH CAUSE OF ACTION

## FOR BREACH OF AND ENFORCEMENT OF GUARANTEE

## AGAINST GUARANTOR MICHELE A. ROBITAILLE

46.    Plaintiff incorporates by reference paragraphs 1 through 45 herein above as though they were set forth herein in full.

47.    The Guarantor Michele A. Robitaille executed a written Guarantee attached hereto as **Exhibit B** in favor of Silver State Bank, by which the Guarantor unconditionally guaranteed the payment to the lender of all sums due under the Note, limited to Guarantor Michele A. Robitalle's community property interest in commercial real estate.

48.    Plaintiff is the assignee of the Guarantee.

49.    The Guarantee in default based upon the Guarantor's failure to pay all sums due under the Note and Guarantee.

50.    Plaintiff has made demand for payment in full under the Guarantee.

51.    The Guarantor has failed to make all payments due under the Note and Guarantee despite demand.

52.    All terms and conditions, if any, precedent to enforcement of the Note and Guarantees have been met or otherwise waived by the terms of the Loan Documents and operation of law.

///

AMENDED COMPLAINT

53.   After application of all applicable credits, there is owing and due under the Note and Guarantees the total amount of $222,517.25 from May 18, 2015, as well as additional interest from that date.   Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantee.  These amounts are calculated as follows:

| | |
|---|---|
| Principal | $147,113.05 |
| Interest | $66,244.69 (interest thru 5/18/15) |
| Daily Interest Accrual | $22.1677199 |
| Late Charges | $8,795.36 |
| Legal Fees | $268.15 |
| Collection Costs | $95.00 |

54.   Pursuant to the terms of the Guarantees, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantees, including to enforce the Note and Guarantees in this lawsuit, are expressly added to the amounts which the Guarantor owes under the Guarantees.   Therefore, the Guarantor is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

## FIFTH CAUSE OF ACTION

## FOR BREACH OF AND ENFORCEMENT OF GUARANTEE

## AGAINST GUARANTOR MICHAEL J. OLIVA

55.   Plaintiff incorporates by reference paragraphs 1 through 54 herein above as though they were set forth herein in full.

56.   The Guarantor Michael J. Oliva executed a written Guarantee attached hereto as **Exhibit B** in favor of Silver State Bank, by which the Guarantor unconditionally guaranteed the payment to the lender of all sums due under the Note.

57.   Plaintiff is the assignee of the Guarantee.

58.   The Guarantee in default based upon the Guarantor's failure to pay all sums due under the Note and Guarantee.

59.     Plaintiff has made demand for payment in full under the Guarantee.

60.     The Guarantor has failed to make all payments due under the Note and Guarantee despite demand.

61.     All terms and conditions, if any, precedent to enforcement of the Note and Guarantees have been met or otherwise waived by the terms of the Loan Documents and operation of law.

62.     After application of all applicable credits, there is owing and due under the Note and Guarantees the total amount of $222,517.25 from May 18, 2015, as well as additional interest from that date.   Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantee.  These amounts are calculated as follows:

| | |
|---|---|
| Principal | $147,113.05 |
| Interest | $66,244.69 (interest thru 5/18/15) |
| Daily Interest Accrual | $22.1677199 |
| Late Charges | $8,795.36 |
| Legal Fees | $268.15 |
| Collection Costs | $95.00 |

63.     Pursuant to the terms of the Guarantees, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantees, including to enforce the Note and Guarantees in this lawsuit, are expressly added to the amounts which the Guarantor owes under the Guarantees.  Therefore, the Guarantor is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

## SIXTH CAUSE OF ACTION

## FOR BREACH OF AND ENFORCEMENT OF GUARANTEE

## AGAINST GUARANTOR MARGARET A. OLIVA

64.     Plaintiff incorporates by reference paragraphs 1 through 63 herein above as though they were set forth herein in full.

///

AMENDED COMPLAINT

65.    The Guarantor Margaret A. Oliva executed a written Guarantee attached hereto as **Exhibit B** in favor of Silver State Bank, by which the Guarantor unconditionally guaranteed the payment to the lender of all sums due under the Note, limited to her community property interest in commercial real estate.

66.    Plaintiff is the assignee of the Guarantee.

67.    The Guarantee in default based upon the Guarantor's failure to pay all sums due under the Note and Guarantee.

68.    Plaintiff has made demand for payment in full under the Guarantee.

69.    The Guarantor has failed to make all payments due under the Note and Guarantee despite demand.

70.    All terms and conditions, if any, precedent to enforcement of the Note and Guarantees have been met or otherwise waived by the terms of the Loan Documents and operation of law.

71.    After application of all applicable credits, there is owing and due under the Note and Guarantees the total amount of $222,517.25 from May 18, 2015, as well as additional interest from that date.    Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantee.    These amounts are calculated as follows:

| | |
|---|---|
| Principal | $147,113.05 |
| Interest | $66,244.69 (interest thru 5/18/15) |
| Daily Interest Accrual | $22.1677199 |
| Late Charges | $8,795.36 |
| Legal Fees | $268.15 |
| Collection Costs | $95.00 |

72.    Pursuant to the terms of the Guarantees, all fees and costs incurred by the Plaintiff with respect to the Note and Guarantees, including to enforce the Note and Guarantees in this lawsuit, are expressly added to the amounts which the

Guarantor owes under the Guarantees.  Therefore, the Guarantor is and will be liable for all of Plaintiff's attorneys' fees and costs to prosecute this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows on all causes of action:

A.    For damages in the amount of all sums due under the Note and Guaranty, including all unpaid principal, interest, late fees, fees, costs and expenses, in a sum exceeding $222,517.25 from May 18, 2015, as well as additional interest from that date.  Additionally, Plaintiff has incurred attorneys' fees and costs, for which the Defendants are liable under the terms of the Note and Guarantee.  These amounts are calculated as follows:

|  |  |
|---|---|
| Principal | $147,113.05 |
| Interest | $66,244.69 (interest thru 5/18/15) |
| Daily Interest Accrual | $22.1677199 |
| Late Charges | $8,795.36 |
| Legal Fees | $268.15 |
| Collection Costs | $95.00 |

B.    For attorneys' fees;

C.    For costs of suit incurred herein; and

D.    For such other and further relief as the Court may deem just and proper.

Dated:    June 29, 2015            WORLEY LAW, P.C.


By: /s/ Kirsten A. Worley
Kirsten A. Worley
Attorney for Plaintiff
BEAL BANK U.S.A.

AMENDED COMPLAINT